J-S44012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| IN RE: ESTATE OF BERNICE M. KANE, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: LAUREN KANE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 242 EDA 2024 |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2015-X2875

| IN RE: ESTATE OF JOSEPH M. KANE, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: LAUREN HOPE KANE | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 243 EDA 2024 |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2017-X3395

| IN RE: ESTATE OF BERNICE M. KANE, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: LAUREN HOPE KANE | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 244 EDA 2024 |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2018-X2354

| IN RE: ESTATE OF BERNICE M. KANE, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|

> > > > :
> > > > :
> > > > :
> APPEAL OF: LAUREN HOPE KANE : :
> > > > :
> > > > :
> > > > :
> > > > :
> > > > : No. 245 EDA 2024

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2022-X1303

MEMORANDUM PER CURIAM: **FILED FEBRUARY 19, 2025**

Appellant Lauren Hope Kane appeals *pro se*[1] from the trial court order of December 1, 2023 (Global Order), setting forth the terms of a settlement agreement regarding the Estates of Joseph M. Kane and Bernice M. Kane and Appellant's role as power of attorney, agent, and executrix. On appeal, Appellant claims that she was deprived of due process and this Court should vacate each of the trial court's orders predicated upon a prior settlement agreement. We affirm.

The trial court set forth the following procedural history:

> There is almost a decade-long, arduous and extensively-litigated history before the Montgomery County Court of Common Pleas regarding: (1) this matter, the estate of Bernice M. Kane (Bernice), commenced in 2022 shortly after Bernice's death (B.M.K. Estate); as well as companion matters relating to: (2) administration of the revocable trust established by Bernice for the benefit of her children, commenced in 2018 (B.M.K. Trust) (Docket No. 2018 X-2354); (3) Appellant's actions taken pursuant to a power of attorney granted to her by Bernice, commenced in 2015 (POA) (Docket No. 2015 X-2875); (4) administration of the

_____

[1] While Appellant is appearing *pro se* in the instant appeal, Appellant is a licensed attorney in the Commonwealth of Pennsylvania.

residuary trust established by Appellant's father, Joseph M. Kane (Joseph), commenced in 2017 (J.M.K. Trust) (Docket No. 2017-X3395); and (5) a legal malpractice case begun in 2019 in the Civil Division of [the trial] court (Malpractice Action) (Docket No. 2019-03369) relating to [Appellant's] prior counsel's representation,[FN3] all of which matters this trial court believed were resolved by the August 3, 2023 settlement agreement signed by all parties including Appellant and placed on the record before [the trial] court.[FN4]

[FN3] Since the first of these cases began in 2015, [Appellant] has been represented by no fewer than ten attorneys, each of whom has either been fired or withdrew their representation, several with known or alleged threats of malpractice actions made by [Appellant] against them.

[FN4] [The trial court asks] the Superior Court to note that the opinions of the trial court in each of these matters are substantially identical but for the procedural backgrounds and a few of the matters complained of on appeal in Appellant's 1925(b) concise statements, as these matters are inextricably intertwined.

Joseph and Bernice Kane had two children: [Appellant] and Michael Kane (Michael). Michael predeceased Bernice, leaving his spouse Anita Kane (Anita) and three children, Cassandra Kane (Cassandra), who is *sui juris*, and two minors [J.D.K.] and [A.K.], both of whom have special needs. Anita, as parent and natural guardian of the minor children,[FN5] serves as trustee of the children's trusts.

[FN5] Both minor children are represented in these matters by guardian *ad litem* Gregory Phillips. Pursuant to 20 Pa.C.S. § 751(5)(i), the [trial] court has jurisdiction to appoint . . . a guardian . . . to represent the interest, not already represented by a fiduciary, of a person not *sui juris*. Anita is also [A.K.'s] agent under power of attorney.

**The Joseph M. Kane Trust.** Joseph Kane died on June 27, 2002. As required by Sections Second B1 and B2 of the Joseph M. Kane Revocable Living Trust Agreement dated August 10, 2000 governing the Trust (J.M.K. Trust Agreement), upon Joseph's death, marital deduction and residuary trusts were created for the benefit of Bernice, with Bernice and PNC Bank, N.A. (PNC) named as co-trustees. Section SECOND B.2.b. of the J.M.K. Trust Agreement contained specific, separate provisions for the creation

- 3 -

of a $200,000 special needs trust for Joseph's disabled grandson [J.D.K.], to be funded upon Bernice's death.

Once the special needs trust for [J.D.K.] was established after Bernice's death, the remaining principal of the J.M.K. Trust was to be divided equally between Joseph's two children, [Appellant] and Michael, with individual trusts to be created for each. The J.M.K. Trust Agreement, Section SECOND B.2.b.ii(cc), provided that Michael's share of the Trust would pass pursuant to his will or, if there was no will, then to his then-living children ([J.D.K., A.K.,] and Cassandra) pursuant to separate sub-trusts for each of them.

**The Bernice M. Kane Trust.** The B.M.K. Trust similarly provides that, upon Bernice's death: (1) [Appellant] would inherit, in trust, one half of the remaining balance of the trust, with net income to be paid to her monthly and such discretionary principal payments for her and her children's health, maintenance and support as the trustees would deem proper; and (2) the other half of the remaining balance of the trust would be divided in three equal shares for each of Michael's children, with a special needs trust to be established for [J.D.K.] PNC served as co-trustee, initially with Bernice and then with [Appellant].

**The Estate of Bernice M. Kane.** Bernice died on February 21, 2022 and letters testamentary were issued to [Appellant] on March 28, 2022, naming her executrix of her mother's estate per Bernice's will dated February 14, 2003. The will is a pour over will, through which pursuant to paragraph SECOND, all estate assets are to become part of the B.M.K. Trust assets.

**The Litigation.** [Appellant] has not been happy about sharing her parents' residuary assets with her deceased brother's family despite the clearly-stated wishes of their parents and the fact that, no matter what, she still was to receive her one-half of those assets. The full procedural histories of the five related matters are recited in the companion briefs filed in each of those cases and need not be repeated here.[2] This matter was opened upon Bernice's death, with the history of all of the litigation involving the B.M.K. and J.M.K. Trusts already in place, and mostly revolves around (1) efforts of the litigants to remove [Appellant] as

---

2 *See, e.g.*, *In re Estate of Kane*, 1496 EDA 2020, 2021 WL 4988074 (Pa. Super. filed Oct. 27, 2021) (unpublished mem.); *Estate of Kane*, 2158 EDA 2016, 2017 WL 1437516 (Pa. Super. filed April 24, 2017) (unpublished mem.), *appeal denied*, 363 MAL 2017, 172 A.3d 595 (Pa. filed Oct. 10, 2017).

executrix, (2) the coming and going of numerous counsel for [Appellant], and (3) the enforcement of the Settlement Agreement.

On January 9, 2023, Anita and Cassandra filed their petition to remove [Appellant] as executrix of the Estate of Bernice M. Kane and as co-trustee of the B.M.K. Trust, with the joinder therein by PNC Bank, N.A. and the guardian *ad litem* (GAL) for [J.D.K.] and [A.K.]  [Appellant] filed preliminary objections on January 27, 2023, which were overruled by [the trial] court in its March 1, 2023 order.  [Appellant] filed her notice of appeal to the Superior Court on March 30, 2023.[3]  She then, on April 26, 2023, filed an emergency application for stay pending appeal and petition for continuance of hearing, which [the trial] court denied by order dated April 27, 2023, because a hearing was scheduled for just a few days later and the trial court viewed the emergency application as just one more effort on [Appellant's] part to delay the proper distribution of her parents' legacy.  At the May 2, 2023 hearing, the parties agreed (as reflected by the trial court's order of that date) that [Appellant] would resign and be removed as executrix of Bernice's estate and as co-trustee of the B.M.K. Trust. Because there was no successor named in Bernice's will, the [trial] court appointed Joseph P. McDonald, Esquire, as administrator . . . pursuant to 20 Pa.C.S. § 3326.  The parties further agreed to a modification of the J.M.K. Trust, permitting the GAL to also represent [A.K.] and set up a special needs trust for her.

Following the May 2, 2023 hearing, a flurry of filings by various counsel for [Appellant] seeking to withdraw their representations were made, and the trial court held a hearing thereon on July 3, 2023.  During the hearing, [Appellant] proceeded to terminate all representation by counsel, confirmed by orders of [the trial] court dated July 5, 2023.  Since that time, [Appellant] alleges that she is appearing *pro se*.

[Appellant] has sought in every possible way to deter and defer the proper administration of her parents' trusts and of her mother's estate.  In the B.M.K. Trust matter, she opposed her co-trustee PNC Bank's efforts to be reimbursed for its expenses incurred in administering the trust, while at the same time

_____

[3] ***See In re Estate of Kane***, 894 EDA 2023 (Pa. Super. filed May 1, 2023) (*per curiam* order) (quashing appeal because the order from which the appeal was taken was not a final order pursuant to Pa.R.A.P. 341(b)(1)).

[Appellant] pursued her own reimbursement of hundreds of thousands of dollars of virtually unsubstantiated expenses, both in the B.M.K. Trust matter and in the POA matter. She blocked PNC's attempts to resign as co-trustee, which PNC sought due to the difficulty of working with [Appellant] as a co-trustee, as permitted by 20 Pa.C.S. §§ 7765-[77]66. She failed to cooperate with PNC in the preparation and filing of the first and second accounts in the trust matters and filed objections to the accounts PNC filed on behalf of both of them as co-trustees. [Appellant] used such delay tactics as petitions to stay proceedings in order to obtain new counsel after she fired her counsel or compelled them to withdraw. She fought to sever the legal fee claims of her former counsel Phyliss Epstein and Epstein, Shapiro and Epstein, denied by order dated February 25, 2020. She continued her blatant disregard of [the trial] court's rules and orders at every step of the way.

On February 10, 2023, and continuing on May 2, 2023, a hearing on the petitions to remove [Appellant] as executrix and co-trustee was held. [The trial court's] May 2, 2023 order reflected the following results of that hearing: (1) [Appellant] was removed as executrix of her mother's estate and Joseph McDonald, Esquire, was appointed administrator . . . ; (2) [Appellant] was removed as co-trustee of the B.M.K. Trust, with PNC remaining as the sole trustee and [Appellant] remaining as co-trustee of her subtrust of the B.M.K. Trust; and (3) [Appellant] consented to the modification of the J.M.K. Trust to permit the establishment of a special needs trust for [A.K.]

Throughout the entire course of these matters dating back to 2015, numerous petitions, answers and related motions were exchanged between all parties seeking discovery, reimbursement of their costs, expenses and fees, as well as surcharges, sanctions, and contempt. . . .

All of these outstanding matters came to a head in August, 2023, when a four-day trial, scheduled almost a year prior, took place, despite [Appellant's] last-minute efforts to postpone once again, allegedly because she again found herself without counsel. The [trial] court heard testimony for two full days. On the morning of the third day, counsel arrived early and notified the [trial court] that they wanted to continue settlement discussions they had started the night before. They spent all day on August 3, 2023 going in and out of the orphans' court conference room but did not seek the trial judge's input until late in the afternoon. To [the

trial] court's knowledge, the main participants in the settlement discussions throughout the day were: [Appellant], allegedly appearing *pro se*; her counsel in the malpractice action, David Klein; Phyliss Epstein and her counsel and counsel for the Epstein firm, Christopher Tellner; and, counsel for PNC Bank, Nina Stryker. [The] GAL for [J.D.K.] and [A.K.], Gregory Philips, and counsel for Anita (in her fiduciary capacity and pursuant to a power of attorney for [A.K.]) and Cassandra, Richard Holzworth, also participated on and off throughout the day. Shortly before 5:00 p.m., counsel advised the judge that they had reached a settlement, which they would all sign[FN18] and would like confirmed under oath on the record. Mr. Holzworth was the scrivener of this "Settlement Agreement."

> [FN18] The Settlement Agreement was ultimately signed by [Appellant], David Klein, Phyllis Epstein, Gregory Phillips, Nina Stryker, Joseph McDonald, and Richard Holzworth.

\* \* \*

On August 28, 2023, just when [the trial] court believed that a resolution of all of the matters before it involving the Kane family had been resolved, Appellant, who is a member of the Pennsylvania bar although not a practitioner in the trusts and estates arena, filed what she called "Objections to Proposed Decree", [which is] not a recognized form of pleading in this court. In response, . . . Anita and Cassandra filed a motion to enforce the Settlement Agreement, also seeking sanctions for [Appellant's] egregious behavior after representing to [the trial] court under oath that she agreed to the terms of the Settlement Agreement. All of the other parties joined in this motion to enforce the settlement agreement, which was scheduled for a hearing on it and on [Appellant's] objections to the proposed decree to take place on October 9, 2023. After four postponements, a hearing finally took place on November 20, 2023.

On December 1, 2023, this court, relying on the Settlement Agreement and having heard argument on [Appellant's] objections to our "proposed decree" (said "decree" not even in existence at the time she filed her objections) and on the motion to enforce the settlement agreement, issued its Global Order, on appeal here. In short, we ruled as follows:

1. All objections to the two PNC accounts were dismissed;

2. The two PNC accounts were confirmed and PNC was discharged from liability in connection therewith.

3. All objections to [Appellant's] first account were dismissed and the account was returned unaudited, without adjudication and without discharge of liability.

4. All pending petitions for reimbursement of expenses, costs and counsel fees were dismissed as being covered by the settlement terms.

5. Per the Settlement Agreement, [Appellant] relinquished any interest she had in the B.M.K. and J.M.K. Trusts and **in any assets owned or held by Bernice's estate**. (emphasis added).

*See* Global Order[, 12/1/23].

On December 14, 2023, [Appellant] filed a motion for reconsideration of the global order. Before [the trial] court responded, [Appellant] filed [four] notice[s] of appeal on December 28, 2023. Although several of the other parties filed answers to Appellant's motion, the trial court never ruled on it because of this pending appeal. On January 4, 2024, [the trial court] issued [its] order requiring Appellant to file of record, within 21 days, "a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)".

Trial Ct. Op., Docket No. 2022-X1303, 4/1/24, at 1-7, 10-11 (some citations and some footnotes omitted, formatting altered).

We add that Appellant filed timely Rule 1925(b) statements for each of these appeals.

On April 19, 2024, Cassandra Kane, in her individual capacity, and Anita Kane, in her capacity as agent under the durable power of attorney of A.K., trustee of the residuary trust shares of the Bernice M. Kane revocable trust for the benefit of Cassandra, A.K., and J.D.K., and as J.D.K.'s guardian, filed an application for consolidation of appeals. On May 22, 2024, this Court

entered an order consolidating the appeals filed at Docket Nos. 242 EDA 2024, 243 EDA 2024, 244 EDA 2024, and 245 EDA 2024. *See* Order, 5/22/24.[4] As part of its May 22, 2024 order, this Court directed the Prothonotary to establish a new briefing schedule for the consolidated appeal. *See id.*

On May 22, 2024, the Prothonotary established a new briefing schedule, with Appellant's brief due on or before July 1, 2024. That same day, Appellant filed an application for extension of time to file her brief, seeking a ninety-day extension. *See* Appellant's Appl. for Extension of Time to File and Serve Appellant's Brief, 5/22/24. This Court entered an order on May 23, 2024, granting Appellant's extension in part. *See* Order, 5/23/24. Specifically, this Court extended Appellant's deadline to file a brief to August 30, 2024. *See id.* The order further stated that no further extensions would be granted, "absent extenuating circumstances." *Id.* Appellant filed her brief with this Court on September 3, 2024.[5]

On September 8, 2024, Anita Kane and Cassandra Kane filed an application for dismissal of Appellant's appeal pursuant to Pa.R.A.P. 2188 and a request for sanctions. Appellant filed an answer on September 12, 2024, wherein she sought to quash the application filed by Anita and Cassandra

---

[4] This Court's May 22, 2024 order denied Cassandra and Anita Kane's request to consolidate the appeals that Appellant filed at Docket Nos. 556 EDA 2024 and 557 EDA 2024. This Court quashed both appeals by orders entered July 19, 2024.

[5] We take judicial notice of the fact that August 30, 2024, fell on a Friday. Accordingly, the provisions of Pa.R.J.A. 107(a)-(b) relating to the computation of time do not apply to the instant appeal.

Kane. On September 20, 2024, this Court entered an order deferring the application for dismissal and request for sanctions to the merits panel. *See* Order, 9/20/24.

On September 22, 2024, J.D.K.'s GAL filed an application to quash and dismiss Appellant's appeal for, among other things, Appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure. On October 25, 2024, this Court entered an order deferring the application to quash and dismiss Appellant's appeal to the merits panel. *See* Order, 10/25/24.

On November 15, 2024, Appellant filed a request for oral argument, citing the complex nature of the matters before this Court, "the misrepresentations made that need to be addressed and the sanctions sought." Appellant's Appl. for Oral Argument, 11/15/24.

Initially, before we can review the merits of Appellant's claims, we first resolve the outstanding applications for relief before this Court.

We review both Anita and Cassandra Kane's application to dismiss and the GAL's application to quash together.[6] Anita and Cassandra Kane first

_____

[6] Throughout the GAL's application to quash and dismiss Appellant's appeal, he appears to use the terms "quash" and "dismiss" interchangeably. As noted by the late Judge Strassburger, quashal is the appropriate remedy in cases where an appeal is taken from an unappealable order, the appeal is not timely, or the appellate court otherwise lacks jurisdiction. *Bronson v. Kerestes*, 40 A.3d 1253, 1255 (Pa. Super. 2010) (Strassburger, J., concurring) (citing *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001)). In cases where defects in the brief or lack of compliance with our Rules of Appellate Procedure are alleged, the proper remedy is dismissal of the appeal. *Id.* (citing *First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 138 *(Footnote Continued Next Page)*

- 10 -

allege that Appellant failed to timely file a designation of contents of reproduced record and failed to timely file both her appellate brief and reproduced record. Anita and Cassandra Kane's Appl. to Dismiss, 9/8/24, at 7-8. This allegation is also raised by the GAL. *See* GAL's Appl. to Dismiss and Quash Appellant's Appeal, 9/24/24, at 9-10 (unpaginated).

Additionally, the GAL contends that in her four concise statements of errors complained of on appeal, Appellant raises a total of fifty-two issues. *See id.* at 6 (unpaginated). The GAL further notes that Appellant raises twenty-six issues on appeal in her brief to this Court; however, Appellant only includes two issues in her argument. *Id.* at 7 (unpaginated). Finally, the GAL alleges that Appellant, in arguing those two points in her brief, failed to comply with various Pennsylvania Rules of Appellate Procedure. *Id.* at 7-12 (unpaginated).

Our Supreme Court has explained that raising a large number of issues is not effective appellate advocacy and is "borderline abuse of the legal system . . . ." *Commonwealth v. Robinson*, 864 A.2d 460, 480 n.28 (Pa. 2004). The Court stated that, "**multiplying assignments of error will dilute and weaken a good case** and will not save a bad one." *Id.* at 479 n.28 (citation omitted and emphasis in original).

_____

n.2 (Pa. Super. 1997)). In the instant application, the GAL does not allege that Appellant appealed from an unappealable order, that her appeal was untimely, or that this Court lacks jurisdiction to consider the instant appeal. *See generally* GAL's Appl. to Quash and Dismiss Appellant's Appeal, 9/22/24. Accordingly, we shall determine only whether Appellant's appeal should be dismissed.

With respect to waiver, this Court has explained:

Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise. We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

*Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007) (citations omitted and some formatting altered).

The instant appeal is from four trial court orders entered at four separate dockets. The record reflects that at each docket, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement. The record further reflects that Appellant filed separate Rule 1925(b) statements at each docket. In total, Appellant identified sixty issues for potential appellate review; however, the aggregate number of issues is distributed among the four dockets as follows: Docket No. 2018-X2354: twenty-two issues; Docket No. 2017-X3395: twelve issues; Docket No. 2022-X1303: eleven issues; and Docket No. 2015-X2875: fifteen issues. Because Appellant filed her Rule 1925(b) statements prior to this Court consolidating the instant appeals, we decline to dismiss Appellant's

- 12 -

appeal on the basis that Appellant raised an excessive number of issues in her Rule 1925(b) statements.

Further, Anita Kane, Cassandra Kane, and the GAL contend that Appellant's appeal should be dismissed due to her failure to comply with the Pennsylvania Rules of Appellate Procedure.

Rule 2185 of the Pennsylvania Rules of Appellate Procedure mandates that "the appellant shall serve and file appellant's brief not later than the date fixed pursuant to Subdivision (b) [of this rule (relating to notices of a deferred briefing schedule)], or within 40 days after the date on which the record is filed, if no other date is so fixed."  Pa.R.A.P. 2185(a).  Additionally, Rule 2188 states:

> If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter.  If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

Pa.R.A.P. 2188.

In *Clark v. Peugh*, 257 A.3d 1260 (Pa. Super. 2021), the appellee filed an application to quash the appeal after the appellant filed his appellate brief two weeks after the deadline and also failed to file a reproduced record. *Clark*, 257 A.3d at 1264 n.1.  The *Clark* Court found that the appellant's failure to comply with the Rules of Appellate Procedure did not "substantially impede the appellate process," therefore, the Court denied the appellee's

application to quash. *Id.* at 1265 n.1; *see also Milshteyn v. Fitness International, LLC*, 271 A.3d 498, 502 n.4 (Pa. Super. 2022) (denying the appellees' request to dismiss the appellants' appeal after finding that the appellees failed to establish that the delay prejudiced the appellees or otherwise impeded appellate review).

In the instant case, the record reflects that this Court entered an Order extending the time for Appellant to file her appellate brief to August 30, 2024. Appellant filed her brief four days late on September 3, 2024. The appellees in this matter, the GAL and Anita and Cassandra Kane, have failed to establish that they were prejudiced by Appellant's four-day delay in filing her appellate brief.[7] While we admonish Appellant for her failure to comply with the Pennsylvania Rules of Appellate Procedure by failing to timely file her appellate brief after receiving an extension, we cannot conclude that our ability to conduct meaningful appellate review has been hindered; therefore, Anita and Cassandra Kane's application to dismiss Appellant's appeal is DENIED and the GAL's application to quash and dismiss Appellant's appeal is DENIED. We will now consider the merits of Appellant's appeal.

---

[7] As noted above, Appellant filed an application for oral argument. Oral argument is at the sole discretion of this Court. *See Coulter v. Ramsden*, 94 A.3d 1080, 1090 (Pa. Super. 2014). "[O]ral argument is only necessary [for this Court] to acquire an understanding of the issues." *Id.* (citing Pa.R.A.P. 2135(a)) (some formatting altered). Here, however, we conclude that oral argument is not necessary for this Court to understand the issues; therefore, Appellant's application for oral argument is DENIED.

In her statement of questions involved, Appellant identifies twenty-six issues for our review. *See* Appellant's Brief at 8-15.[8] In her brief, however, Appellant only provides argument for two issues, which we restate as follows:

1. Appellant was deprived of due process.

2. Each of the orders predicated upon the settlement agreement should be vacated.

Appellant's Brief at 26, 29 (formatting altered).[9]

_____

[8] We refer to the oft-cited quote from the late Judge Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit:

> With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court[,] it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. . . . When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that this is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

*Commonwealth v. Lutes*, 793 A.2d 949, 955 n.1 (Pa. Super. 2002) (citations omitted).

[9] We note that the Pennsylvania Rules of Appellate Procedure require that the argument section of the brief be divided into as many parts as there are questions to be argued. Pa.R.A.P. 2119(a). Failure to do so may result in waiver. *Ramalingam v. Keller Williams Realty Grp., Inc.*, 121 A.3d 1034, 1042 (Pa. Super. 2015). We once again admonish Appellant, who, we reiterate, while appearing *pro se* in the instant appeal is a licensed attorney in the Commonwealth of Pennsylvania, for failing to comply with the Rules of Appellate Procedure. We find, however, that these particular defects in Appellant's brief do not impede our ability to render meaningful appellate review; therefore, we decline to find waiver on this basis. *Id.*

- 15 -

In her first issue, Appellant contends that she was deprived of due process throughout the pendency of the litigation. *See id.* at 26-29. As part of her argument, Appellant makes the following six allegations of trial court error under the overarching allegation of due process violations:

> First, the record demonstrates that Appellant and her counsel were unfairly constrained by strict deadlines and the production by opposing counsel of thousands of documents on the eve of more than one hearing. Second, it demonstrates that conflicts of interest made it more time-consuming for Appellant to locate replacement counsel. Third, the record is replete with testimony from Appellant that she had provided responsive documents to her attorneys, who, in turn, failed to include information and/or documents in their entirety. Fourth, hearing transcripts were missing numerous portions of testimony, and Appellant was refused a copy of the audio recording. Fifth, Judge Sterling repeatedly sustained objections by PNC's counsel and overruled Appellant, preventing Appellant from obtaining testimony about the value of the trusts (among other things) and from impeaching witnesses. Sixth, Judge Sterling would not allow Appellant to discuss the malpractice case, and insisted upon proceeding in the Orphans' Court, while ignoring that Appellant was "handcuffed" as a result of her prior attorneys having failed to do their jobs properly, while their failures were imputed to Appellant directly, with no time for Appellant to secure new counsel for the August 2023 hearings.

*Id.* at 26-27. Appellant further argues that it was "improper not to sever the malpractice action from all Orphans' Court proceedings." *Id.* at 29.

As this Court has previously noted:

> "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Id.* (citations omitted); *see also*

Pa.R.A.P. 2119(a)-(c). As such, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).

***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (some formatting altered); ***see also Coulter***, 94 A.3d at 1088-89 (stating that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter" (citations omitted)).

Based on our review of Appellant's brief, we conclude that Appellant has not adequately developed her first issue for our appellate review. Appellant has failed to develop her claims with specific citations to the record or legal authority to support her arguments. ***See Westlake***, 295 A.3d at 1286 n.8. To the contrary, Appellant appears to solely engage in issue spotting, which this Court has stated precludes our appellate review of a matter. ***See Coulter***, 94 A.3d at 1089. Accordingly, we find that Appellant has waived her first issue on appeal.

Next, Appellant alleges that each of the orders entered by the trial court as a result of the settlement agreement should be vacated. Appellant's Brief at 29-30. In support, Appellant makes the following argument:

The failure to afford due process to Appellant also intertwines with the intentional misrepresentations made by PNC's counsel with respect to the value of the trusts. PNC was the only party with access to such information, and the [trial] court's rulings allowed PNC to bully and mislead. Furthermore, the [trial] court's rulings were filled with opinions and devoid of any facts. Combined, these circumstances are a basis to set aside the settlement agreement, which, in turn, requires vacatur of any order predicated upon the terms of the agreement. Pennsylvania law states that, once

formed, a settlement will not be set aside except upon "a clear showing of fraud, duress, or mutual mistake." ***Felix v. Giuseppe Kitchens & Baths, Inc.***, 848 A.2d 943, 947 (Pa. Super. 2004). Fraud and duress were each present here.

***Id.***

At no point in her argument does Appellant state **how** the trial court's rulings "allowed PNC to bully and mislead," nor does her argument state how the trial court's rulings were "devoid of any facts." Appellant likewise does not provide any legal authority, citations to the record, nor analysis to support her broad claim of fraud and duress when entering into the settlement agreement. This Court will not examine the record and develop these claims on Appellant's behalf. *See **Westlake***, 295 A.3d at 1286 n.8; ***Coulter***, 94 A.3d at 1088-89; ***Hardy***, 918 A.2d at 771. Accordingly, we find that Appellant's second issue is waived on appeal for failure to develop an argument. For these reasons, we affirm the trial court's Global Order of December 1, 2023, setting forth the terms of the settlement agreement regarding the J.M.K. Trust, the B.M.K. Trust, the Estate of Bernice M. Kane, and Appellant's role as power of attorney, agent, co-trustee, and executrix.

Orders affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2025